Andrew Rundquist, Esq. SBN – 262523
arundquist@lrlo.com
**LEGAL RECOVERY LAW OFFICES, INC.**
5030 Camino De La Siesta # 340
San Diego, CA 92108
Telephone: (800)785-4001
Fax: 619-275-4010

Attorney for defendant Legal Recovery Law Offices, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stacey Hughes, | ) Case No.: 3:10-cv-01909-L-BGS |
| Plaintiff, | ) |
| vs. | ) DEFENDANT LEGAL RECOVERY LAW OFFICES, |
| Legal Recovery Law Offices Inc. | ) INC.'S ANSWER TO COMPLAINT |
| Defendant | ) |

COMES NOW Defendant Legal Recovery Law Offices Inc. (hereinafter "defendant LRLO"), and answering on file herein, admits, denies and alleges as follows:

1. As to Paragraph 1 "**PRELIMINARY STATEMENT**", Defendant LRLO states that this paragraph asserts no allegations against defendant.

2. As to Paragraph 2 "**JURISDICTION AND VENUE**", Defendant LRLO admits that plaintiff's jurisdiction arises under Federal statutes.

3. As to Paragraph 3 "**JURISDICTION AND VENUE**", Defendant LRLO admits that Plaintiff is a natural person residing in Orange County, California.

4. As to Paragraph 4, "**JURISDICTION AND VENUE**", Defendant LRLO admits that it is a California corporation with its principal place of business in San Diego, CA.

**"FACTS"**

5. As to Paragraph 1, Defendant LRLO admits plaintiff's factual assertion.

6. As to Paragraph 2, Defendant LRLO denies the allegations contained therein.

7. As to Paragraph 3, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

8. As to Paragraph 4, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

9. As to Paragraph 5, Defendant LRLO admits the first action was dismissed without prejudice and as to the remaining allegations, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

10. As to Paragraph 6, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

11. As to Paragraph 7, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

12. As to Paragraph 8, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

13. As to Paragraph 9, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

14. As to Paragraph 10, Defendant LRLO admits the "First Action" was dismissed without prejudice on or about 02/09/2009 and as to the remaining allegations, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

15. As to Paragraph 11, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

16. As to Paragraph 12, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

17. As to Paragraph 13, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

18. As to Paragraph 14, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

19. As to Paragraph 15, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves plaintiff to his/her proof.

20. As to Paragraph 16, Defendant LRLO denies the allegations contained therein.

21. As to Paragraph 17, Defendant LRLO admits the allegation that plaintiff incorporates by reference the preceding paragraphs of his Complaint.

22. As to Paragraph 18, Defendant LRLO admits that Plaintiff is a consumer and as to the remaining allegations, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves plaintiff to his/her proof.

23. As to Paragraph 19, Defendant LRLO admits that it is a "debt collector" and as to the remaining allegations, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

24. As to Paragraph 20, Defendant LRLO admits it alleged that plaintiff owed a "debt" and as to the remaining allegations, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

25. As to Paragraph 21, Defendant LRLO denies the allegations contained therein.

26. As to Paragraph 22, Defendant LRLO denies the allegations contained therein.

27. As to Paragraph 23, Defendant LRLO denies the allegations contained therein.

28. As to Paragraph 24, Defendant LRLO denies the allegations contained therein.

29. As to Paragraph 25, Defendant LRLO denies the allegations contained therein.

30. As to Paragraph 26, Defendant LRLO denies the allegations contained therein.

31. As to Paragraph 27, Defendant LRLO denies that it is liable for plaintiff's actual damages, statutory damages, costs, and attorney fees.

32. As to Paragraph 28, Defendant LRLO admits the allegation that plaintiff incorporates by reference the preceding paragraphs of his Complaint.

33. As to Paragraph 29, Defendant LRLO admits that plaintiff is a "debtor" and as to the remaining allegations, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

34. As to paragraph 30, Defendant LRLO admits that defendant is a "debt collector" and as to the remaining allegations, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

35. As to Paragraph 31, Defendant LRLO admits it alleged that plaintiff owed a "debt" and as to the remaining allegations, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

36. As to Paragraph 32, Defendant LRLO denies the allegations contained therein.

37. As to Paragraph 33, Defendant LRLO Defendant LRLO denies the allegations contained therein.

38. As to Paragraph 34, Defendant LRLO denies that it is liable for plaintiff's actual damages, statutory damages, costs, and attorney fees.

**AFFIRMATIVE DEFENSES**

39. Plaintiff's Complaint, in whole, or in part, fails to state a claim upon which relief can be granted.

40. Plaintiff's claims in whole or in part, are barred by the applicable statute of limitations.

41. That all of Defendant LRLO's actions were taken in good faith and with due care, and Defendant LRLO did not directly engage in the alleged act, acts or omission(s) constituting the alleged violations or causes of action asserted by plaintiff.

42. Plaintiff's claims are barred by the doctrine of estoppel.

43. Plaintiff's claims are barred by the doctrine of laches.

44. Plaintiff's claims are barred by the doctrine of waiver.

45. Plaintiff's claims are barred by the doctrine of res judicata.

46. Plaintiff's claims are barred by the doctrine of collateral estoppel.

47. Plaintiff failed to mitigate his damages, if any were suffered.

48. Plaintiff's damages, if any, were caused by the actions or inactions of others whom this answering Defendant had no control.

49. The alleged violations and/or causes of action asserted by the plaintiff were or are the result of a bona fide mistake.

50. The alleged violations and/or causes of action asserted by the plaintiff were or are the result of a bona fide error.

51. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

52. As a separate and affirmative defense to the complaint, defendant LRLO alleges that any of its actions and/or communications, if any, whether written or oral, were privileged pursuant to California Civil Code § 47, § 1785.32, 15 U.S.C. § 1692k(d), the common law; and that the use of the process that plaintiff claims were abused was a publication made in the course of judicial or similar proceedings and were absolutely privileged under California Civil Code § 47(b).

53. Defendant LRLO asserts this lawsuit was brought in bad faith and is completely without merit.

54. Answering Defendant LRLO reserves the right to add additional affirmative defenses as may be discovered through future discovery.

55. As a separate and affirmative defense to the complaint, defendant alleges that they, at all times alleged in the complaint, maintained reasonable procedures to prevent any type of unintentional violations of the Fair Debt Collection Practices Act or Rosenthal Fair Debt Collection Practices Act and maintained reasonable procedures to avoid the alleged errors that plaintiff complains of.

WHEREFORE, this answering defendant prays,

1. For a judgment in favor of defendant, and against plaintiff, and that plaintiff take nothing by reason of said complaint;

2. That the answering defendant be awarded costs of suit herein and such further relief as the Court deems just;

3. That plaintiff's complaint be deemed to be made in bad faith thus justifying an award of damages, attorney fees and costs in favor of this answering defendant; and

4. For such other and further relief as this Court may deem just and proper.

Dated: October 26, 2010 Legal Recovery Law Offices, Inc.,

By: /s/Andrew Rundquist

Andrew Rundquist
Attorney for Defendant Legal Recovery Law Offices, Inc.

ANSWER TO COMPLAINT - Case No.: 3:10-cv-01909-L-BGS    7